UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/21/2022

------------------------------------------------------------------X
: 
PATSY RODENBURG, :
                                        Plaintiff, :
: 
                         -against- :
: 
: 
CHARISMATIC STUDIOS CORP. D/B/A/ :
MICHAEL HOWARD STUDIOS, and GABRIELLE :
BERBERICH, :
                                        Defendants. :
------------------------------------------------------------------X

21 CV 7308 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on June 15, 2022, the parties agreed to settle this action, *see* Dkt. 64;

WHEREAS on July 14, 2022, the parties filed a letter motion for permission to file their

settlement agreement under seal, or alternatively, to file a version of the agreement incorporating

by reference an appendix containing the terms the parties wish to remain confidential, Dkts. 65,

66;

WHEREAS the parties also move the Undersigned to retain jurisdiction over the

settlement agreement, *see id.*;

WHEREAS "there is a common law presumptive right of access to judicial documents,"

*United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014), which the Second Circuit

defines as "documents filed with a court that are relevant to the performance of the judicial

function and useful in the judicial process," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110,

119 (2d Cir. 2006) (quotation omitted); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616,

620–621 (S.D.N.Y. 2011); and

WHEREAS sealing requests "must [] be carefully and skeptically reviewed," *Video*

*Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (cleaned up), but

may be granted where "documents include . . . the privacy interests of third-parties," *Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prod., Inc.*, 2020 WL 7706741, at \*2 (S.D.N.Y. Dec. 29, 2020);

IT IS HEREBY ORDERED that, because the parties have moved the Court to retain jurisdiction over the agreement for enforcement purposes, their settlement agreement is a judicial document to which a public right of access attaches. *Cf. Pullman v. Alpha Media Pub., Inc.*, 624 F. App'x 774, 779 (2d Cir. 2015) (district court acted within its discretion to seal settlement transcript because the court "did not rely on that transcript in deciding subsequent motions to enforce the settlement agreement," and therefore the transcript "played no role in the court's exercise of judicial power, and there is less of a public interest in access to the document").

IT IS FURTHER ORDERED that the motion to file the settlement agreement under seal is DENIED without prejudice; the parties may either withdraw their request that the Court retain jurisdiction to enforce the settlement agreement or re-file the request to file the settlement agreement under seal proposing more narrowly tailored sealing that makes the agreement generally public while protecting the confidentiality of third parties.

**SO ORDERED.**

**Date:  July 21, 2022**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**